Reed, P. J.,
delivered the opinion of the court.
There are several errors assigned, some of which are not sufficiently specific to notify the court of what counsel complain. The third, fifth, sixth, seventh, eighth, and ninth are of this character,—so general that they fail to designate anything. The first and fourth are to the effect that the court erred in excluding evidence of the negotiations of the parties prior to the making of the written agreement, and also erred in not considering the negotiations and conversations that occurred before the making of the agreement. The second, that the court erred in refusing to allow appellant to prove that The El Paso Electric Company offered to furnish the lights, under a contract of the same kind, at $10.00 per light. The eighth, to the effect that the court erred in awarding a judgment to the appellee, because “ the record shows that appellee assigned his contract to The El Paso Electric Light Company without the consent of appellant.” These are the only assignments of error that need be noticed, and some of them can be very summarily disposed of.
The testimony offered and refused, upon which the first and fourth assignments were based, in regard to negotiations and conversations between the parties preceding the making of the contract, was, according to a well-settled and universal rule of law, clearly inadmissible. The agreement reached by the parties was embodied in the written contract. What, in *254 the way of bargaining, that preceded, was of no importance whatever.
The second assignment may be disposed of equally as summarily. It may have been the duty of the officers of appellant to have accepted the offer of The El Paso Electric Company at $10.00 per light; but failing to accept, and contracting to pay appellee $13.00 for each light, we cannot conceive how evidence of the offer at $10.00 could affect appellee’s right to recover the amount appellant had agreed to pay. If the testimony had been admitted, its only effect could have been to convict appellant of a want of business sense, or of fraud.
The only question of legal importance is that presented by the eighth assignment of error,—that the court erred in finding for appellee, because he had assigned his contract without the consent of appellant. The contract clearly provides that there can be no assignment without the consent of appellant. The testimony shows that appellee appeared before the board, produced an assignment that he proposed to execute, assigning his contract to The El Paso Electric Company, and asked consent to make the transfer, which was refused, and he notified that he would be required to furnish no more lights. There is no evidence that he made any transfer of his contract, or that any one else was substituted in his stead, or attempted to be, or succeeded him. He had sold out his plant, and it had been removed. By reference to the contract, it will be seen that there was no provision that appellee should erect and maintain a plant for generating electricity. Such may have been the intention of appellant, but it was not expressed by the contract. He was to light the town as specified. There is no allegation of failure to perform. It is true that it was averred in the answer that he had sold out his machinery, and made it impossible to generate the electricity in the town; but that did not disqualify him from complying with the contract, and furnishing electricity from another source, which it appears he did. It is not alleged nor shown that, by reason of anything done by appellee, appel *255 lant had to supply and pay for lights from another. It appears that appellee had contracted with The El Paso Electric Company to supply him with electricity at Colorado City to continue his contract, and that he, in person, was complying with the contract by means of the contract made by him with the El Paso Company. The appellant having failed- to establish by the evidence any legal defense to the action, the judgment of the district court.must be affirmed.

Affirmed.